DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 3:05-cr-102 - (RRB) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNITED STATES SENTENCING |
| JEFFREY LEE TURNER, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . **188  MONTHS**

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . **3 YEARS**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

**RESTITUTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$913.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The government does not dispute the findings of the USPO.

## I.     FACTUAL BACKGROUND

On October 6, 2005, defendant Jeffrey Turner embarked on a day of robberies. First, at approximately 2:47 pm, he assaulted and robbed a 58 year old man, who has epilepsy, at an ATM machine in downtown Anchorage. PSR, ¶¶ 22, 37. The man, D.M, had been checking his bank account balance when the defendant, weighing approximately 260 pounds, grabbed his wallet and hit him in the chest. Id. As a result, D.M. had seizures and was hospitalized. PSR, ¶ 22.

Apparently realizing that there was no money in D.M.'s wallet, the defendant proceeded to the nearby Key Bank where he announced to the teller that he was robbing the bank; he then threatened the teller. The defendant grabbed $1,470 from the teller and left the bank. He was detained a few minutes later after a struggle with several citizens. The defendant had the $1,470 in his hand when police officers arrived. He was arrested and subsequently indicted for Bank Robbery, in violation of 18 U.S.C. § 2113(a). The defendant was charged in Alaska State Court with the strong arm robbery of D.M.

The United States, the State of Alaska, and the defendant reached an agreement under which the defendant would agree to plead guilty to the Bank Robbery in federal court. The parties estimated that the defendant would be sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1. Thus, the parties estimated that the defendant's Guideline range would be between 155 and 188 months. If the Court sentenced the defendant within or above this range, the State of Alaska has agreed to dismiss its charges against the defendant, so long as the victim in its case was allowed to provide a victim impact statement and request appropriate restitution expenses. See Notice of Intent to Change Plea, filed on December 2, 2005. On December 6, the defendant pled guilty to the indictment.

## II.     SENTENCING RECOMMENDATION

A.     Application of the United States Sentencing Guidelines

As the PSR reflects, the defendant is a career offender pursuant to U.S.S.G. § 4B1.1. The defendant qualifies for career offender treatment by virtue of two theft in the second degree convictions in 1996 and 1999. See United States v. Wofford, 122 F.3d 787 (9th Cir. 1997) (theft from the person is a "violent felony" qualifying defendant for Armed Career Criminal treatment). The judgments from these cases, charging documents, presentence reports, and judge's remarks at sentencing are attached hereto as Exhibits A and B, respectively. Accordingly, the

defendant has an adjusted offense level of 29, and a criminal history of VI.  His Guideline range is between 151 - 188 months.

    B.    <u>Application of 18 U.S.C. §3553(a)</u>

The United States submits that application of the factors set forth in 18 U.S.C. § 3553(a) supports a sentence at the high end of the Guideline range.  The defendant has a long history of robberies, thefts, and assaults.  As the PSR reflects, the defendant has a consistent history of criminal behavior.  In 1988 he robbed two liquor stores at knife-point.  He received a suspended sentence, which he violated in 1991.  In the early 90s, he committed a string of larcenies and domestic violence assaults.  In 1996, he knocked down a woman who was eight months pregnant, stole her wallet, and tried to steal her car.  He received four years in jail, with one year suspended.  He violated this suspended sentence when he committed another strong arm robbery in 1999, stealing $20 from his victim after hitting his victim in the face several times   He again violated parole, ultimately being released in 2005, only to commit the instant offense.

A review of the Judge's remarks at sentencing contained in Exhibits A and B demonstrate that the defendant has been given a number of chances in the criminal justice system.  He has been placed into drug rehabilitation programs, which have not helped him.  The defendant's promises of life-changes (contained in a letter of

remorse written in his 1999 case) have gone unfulfilled. See Ex. B. This letter bears striking resemblance to the one the defendant submitted in this case; there is every reason to believe that the assurances made therein are similarly apocryphal. Simply put, the defendant appears incapable of rehabilitation. That being the case, his proclivity to put his own interests in front of society whenever he has an opportunity makes him extreme danger to the community. As a result, a sentence at the high end of the guideline range is appropriate, both as a result of his criminal history and as a sanction for the strong arm robbery he committed the day of the bank robbery, which otherwise will go unpunished.

    C.    Restitution

As a result of the strong arm robbery, victim D.M. was admitted to the hospital for a seizure. Attached hereto as Exhibit C are the medical bills that document the victims medical condition and treatment. These charges, which were not covered by insurance, amount to $863.00  Due to the victim's epilepsy, he cannot drive and needed to take a taxicab to and from the hospital. The victim estimates his taxi expenses at $50. Such cost is properly included in a restitution order. See 18 U.S.C. §3663(b)(4). Accordingly, a restitution order of $913 is appropriate. See 18 U.S.S.G. § 3664(f)(1)(A) ("the court shall order restitution . . . without consideration of the economic circumstances of the defendant.")

## III. CONCLUSION

To protect society from further crimes of the defendant, as well as to properly punish the defendant for the crimes he committed on October 6, 2005, a sentence of 188 months is appropriate. A period of three years of supervised release and a $100 special assessment is mandatory. Finally, the Court is authorized to order restitution in the amount of $913.00 for bills incurred by D.M., as outlined above.

RESPECTFULLY SUBMITTED this __8th__ day of February, 2006 in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/ Frank V. Russo
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 West Seventh Avenue, #9, Room 253
> Anchorage, Alaska  99513-7567
> (907) 271-5071
> (907) 271-1500 (fax)
> Frank.Russo@usdoj.gov

CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to Kevin McCoy, Esq. on February 8, 2006, via:

(X) Electronic case filing notice

s/ Frank V. Russo

U.S. v. Jeffrey Lee Turner
3:05-cr-0102-(RRB)                             Page 6 of 6