Screen For VRA

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## AT ANCHORAGE

FILED in the Trial Courts
State of Alaska, Third District
in Anchorage

DEC 3 1996

Clerk of the Trial Courts
_____ Deputy

STATE OF ALASKA )
)
         Plaintiff, )
)
vs. )
)
JEFFREY LEE TURNER, )   CASE NO. 3AN-S96-4756 CR
)
         Defendant. )   JUDGMENT AND ORDER OF
DOB: 4/15/66 )   COMMITMENT/PROBATION
ID No. 6303553  ATN 100 410 183

Defendant has been convicted upon entry of no contest plea to the charge of:

| Count | Date of Offense | Offense | Statute Violated |
|-------|------|---------|------------------|
| I | 6/25/96 | THEFT SECOND DEGREE | AS 11.46.130(a)(3) |
| IV | 6/25/96 | ASSAULT FOURTH DEGREE | AS 11.41.230(a)(1) |

and the following charges were dismissed:

| Count | Date of Offense | Offense |
|-------|------|---------|
| II | 6/25/96 | CRIMINAL MISCHIEF THIRD DEGREE |
| III | 6/25/96 | ASSAULT FOURTH DEGREE |

23   028

AS 12.55.090-110
Crim. R. 32
App. R. 215



State vs. <u>JEFFERY LEE TURNER</u>                    Case No. <u>3AN-S96-4756</u> CR

Defendant came before the court on December 3, 1996, with counsel, Craig Howard, Assistant Public Defender, and the District Attorney present.

IT IS ORDERED that the defendant is hereby committed to the care and custody of the Commissioner of the Department of Corrections for the following period(s):

COUNT I:   FOUR (4) YEARS WITH ONE (1) YEAR SUSPENDED, THREE (3) YEARS OF WHICH ARE PRESUMPTIVE.

COUNT IV:  THREE (3) MONTHS, TO RUN CONSECUTIVE TO COUNT I.

The sentence is:
  X  all or partially presumptive.  The defendant is ineligible for parole, except as provided in AS 33.16.090(b) and (c).

  _  non-presumptive.  The defendant is eligible for parole.

IT IS ORDERED that the defendant is fined $_ with $_ suspended.  The unsuspended $_ is to be paid _

IT IS FURTHER (ORDERED)(RECOMMENDED) that

**23   029**

AS 12.55.090-.110
Crim. R. 32
App. R. 215



State vs. **JEFFERY LEE TURNER**                    Case No. **3AN-S96-4756** CR

IT IS ORDERED that, after serving any term of incarceration imposed, the defendant is placed on probation under the following conditions:

## GENERAL CONDITIONS OF PROBATION

1.  Report to the Department of Corrections Probation Office on the next business day following the date of sentencing, or, if time is to be served prior to probation, report to the Department of Corrections Probation Office on the next business day following release from an institution.

2.  Secure the prior written permission of a probation officer of the Department of Corrections before changing employment or residence or leaving the region of residence to which assigned.

3.  Make a reasonable effort to secure and maintain steady employment. Should you become unemployed, notify a probation officer of the Department of Corrections as soon as possible.

4.  Report in person between the first day and the tenth day of each month, or as otherwise directed, to your assigned officer of the Department of Corrections. Complete in full a written report when your probation officer is out of the office to insure credit for that visit. You may not report by mail unless you secure prior permission to do so from your probation officer.

5.  At no time have under your control a concealed weapon, a firearm, or a switchblade or gravity knife.

6.  Do not knowingly associate with a person who is on probation or parole or a person who has a record of a felony conviction unless prior written permission to do so has been granted by a probation officer of the Department of Corrections.

7.  Make a reasonable effort to support your legal dependents.

8.  Do not consume intoxicating liquor to excess.

9.  Comply with all municipal, state and federal laws.

10. Report all purchases, sales and trades of motor vehicles belonging to you, together with current motor vehicle license numbers for those vehicles, to your probation officer.

11. Upon the request of a probation officer, submit to a search of your person, personal property, residence or any vehicle in which you may be found for the presence of contraband.

12. Abide by any special instructions given by the court or any of its duly authorized officers, including probation officers of the Department of Corrections.

**23    030**

Page 3 of 5
CR 470wp (3/96)
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -
SUPERIOR COURT

AS 12.55.090-.110
Crim. R. 32
App. R. 215



State vs. **JEFFERY LEE TURNER**                    Case No. **3AN-S96-4756** CR

## SPECIAL CONDITIONS OF PROBATION

**X**    Defendant is not to use of possess any controlled substance, to include marijuana, without a valid prescription; and submit to testing for the use of controlled substances when required by the Probation/Parole Officer.

**X**    Not associate whith known narcotic users, or be found in places where drug use and sales are known to occur.

**X**    Successfully complete an educatin/vocation training program at the discretion of the Probation/Parole Officer.

**X**    Obtain and maintain verifiable full-time employment unless engaged full time in an educational or treatment program approved by the Probation/parole Officer with proof of participation to be provided to the supervising Probation/Parole Officer.    Provide proof of income when requested to do so by the Probation/Parole Officer.

**X**    Undergo a substance abuse evaluation by an appropriate treatment agency and follow through with any recommendations, to include inpatient or outpatient treatment,with aftercard, with up to 180 days of inpatient treatment if indicated.

**X**    Submit, at any reasonable time, to search of his person, personal property, residence, vehicle, or any vehicle under which he has control, for th presence of narcotic, hallucinogenic, stimulant, depressant, amphetamine, barbiturate, or other drugs or drug paraphernalia.

**X**    Submit, at any reasonable time, to search of his person, personal property, residence, vehicle, or any vehicle under which he has control, for the presence of alcohol, weapons, or stolen property.

**23    031**

AS 12.55.090-.110
Crim. R. 32
App. R. 215



State vs. **JEFFERY LEE TURNER**                    Case No. **3AN-S96-4756** CR

**THE PROBATION HEREBY ORDERED EXPIRES FIVE (5) YEARS FROM DATE OF RELEASE FROM INCARCERATION.**

Any appearance bond in this case is:
**X**    exonerated.
___    exonerated when defendant reports to the jail to serve the sentence.
___    Other: ___.

        12/3/96
    **Effective Date**                              _____
                                                         Judge

                                              **LARRY D. CARD**
                                              Type Judge's Name

### NOTICE TO DEFENDANT

You are advised that according to the law, the court may at any time revoke your probation for cause or modify the terms or conditions of your probation. You are subject to arrest by a probation officer with or without a warrant if the officer has cause to believe that you have violated a condition of your probation. You are further advised that it is your responsibility to make your probation officer aware of your adherence to all conditions of probation set forth above.

<u>Sentence Appeal</u>. If you are ordered to serve more than two years in jail, you may appeal the sentence to the court of appeals on the ground that it is excessive. Your appeal must be filed within 30 days of the date of distribution stated below. If you are sentenced to serve two years or less in jail, you may seek review of your sentence by filing a petition for review in the supreme court. To do this, you must file a notice of intent to file a petition for sentence review within 10 days of the date of distribution stated below. See Appellate Rules 215 and 403(h) for more information on time limits, procedures and possible consequences of seeking review of your sentence.

☐    Because you have been convicted of one of the sex offenses listed in AS 12.63.100(3), you must register as described in the attached Sex Offender Registration Requirements form (CR-471).

I certify that on _____          I certify that on _/-/6 - 9 ()
a copy of this judgment was sent to:    a copy of this judgment was sent to:

___ DA                                  ✓ Jail          ✓ Probation Officer
___ Defense Atty. _____               ___ DOC          ___ DPS-Juneau
___ DOC                                 ✓ Data           ✓ DPS-Fingerprint Sect.
                                        ___ Term.        ___ Defendant,
Sec./Clerk: _____                  ___ Off. Loc.       through _____
                                        ___ Exhibit Clerk

        ...hereby certify that this is a true and    Clerk: _____
        copy of the original on file in my office.
        ATTEST:                                                  **23**    **032**
        By _____ Clerk of the Trial Courts
                             Deputy                I hereby certify that this is a true and correct
        ___ _/1-8-05                               copy of the original on file in my office.
                                                   ATTEST:
**Page 5 of 5**                                    Clerk of the Trial Courts at Anchorage    12.55.090.110
CR-470wp (3/96)                                    By _____    Date _____         Crim R. 32
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -                                                App R 215
SUPERIOR COURT                                         Deputy Clerk

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,                    )
                                    )
                    Plaintiff,      )
                                    )
            v.                      )          FILED IN OPEN COURT
                                    )          Date: 7-24-96. 52
JEFFERY LEE TURNER                  )
DOB: 04-15-66                       )
AK ID/OL: 6303553                   )
SSN: 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                    )
ATN: 100 410 183                    )
                                    )
                    Defendant.      )
_____)
Case No. 3AN-S96-4756 Cr.

## AMENDED INFORMATION

### VRA CERTIFICATION

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

Count I
### THEFT IN THE SECOND DEGREE
AS 11.46.130(a)(3)

Count II
### CRIMINAL MISCHIEF IN THE THIRD DEGREE
AS 11.46.484(a)(2)
(DISMISSED)

Count III
### ASSAULT IN THE FOURTH DEGREE
AS 11.41.230(a)(1)
(DISMISSED)

Count IV
### ASSAULT IN THE FOURTH DEGREE
AS 11.41.230(a)(1)

THE DISTRICT ATTORNEY CHARGES:

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

### Count I

That on or about the 25th day of June, 1996, at or near Anchorage, in the Third Judicial District, State of Alaska, Jeffery L. Turner, with intent to deprive another of property or appropriate property of another to himself or a third person, obtained the property of Sabrina Tocktoo, taken from her person.

All of which is a class C felony offense being contrary to and in violation of AS 11.46.130(a)(3) and against the peace and dignity of the State of Alaska.

### Count II

Count II of the Information is dismissed pursuant to Cr.R. 43(a).

### Count III

Count III of the Information is dismissed pursuant to Cr.R 43(a).

### Count IV

That on or about the 25th day of June, 1996, at or near Anchorage, in the Third Judicial District, State of Alaska, Jeffery L. Turner recklessly caused physical injury to Ricky Tocktoo.

All of which is a class A misdemeanor offense being contrary to and in violation of AS 11.41.230(a)(1) and against the peace and dignity of the State of Alaska.

DATED at Anchorage, Alaska, this 22nd day of July, 1996.

BRUCE M. BOTELHO
ATTORNEY GENERAL

KENNETH J. GOLDMAN
DISTRICT ATTORNEY

By: _Shannon D Hanley_
Shannon D. Hanley
Assistant District Attorney

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

I hereby certify that this is a true and correct copy of the original on file in my office.
ATTEST:
Clerk of the Trial Courts
By _____ Deputy
Date: _____

-2-

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA, )
)
      Plaintiff, )
)
    vs. )
)
JEFFERY LEE TURNER )
DOB: 04-15-66 )
AK ID/OL: 6303553 )
SSN: 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 )
ATN: 100 410 183 )
)
      Defendant. )
)

**JUN 2 6 1996**

Court No. 3AN-S96-4756   Cr.

## INFORMATION

### CERTIFICATION

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

COUNT I
ROBBERY IN THE SECOND DEGREE
AS 11.41.510

COUNT II
CRIMINAL MISCHIEF IN THE THIRD DEGREE
AS 11.46.484(a)(2)

COUNT III
ASSAULT IN THE FOURTH DEGREE
AS 11.41.230(a)(1)

COUNT IV
ASSAULT IN THE FOURTH DEGREE
AS 11.41.230(a)(1)

THE DISTRICT ATTORNEY CHARGES:

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

## COUNT I

That on or about the 25th day of June, 1996, at or near Anchorage, in the Third Judicial District, State of Alaska, JEFFERY L. TURNER, in the course of taking or attempting to take property from the immediate presence and control of Sabrina Tocktoo, used or threatened immediate use of force upon any person with intent to prevent or overcome resistance to the taking of the property or retention of the property after the taking or compel any person to deliver the property or engage in other conduct which might aid in the taking of the property.

All of which is a class B felony offense being contrary to and in violation of AS 11.41.510 and against the peace and dignity of the State of Alaska.

## COUNT II

That on or about the 25th day of June, 1996, at or near Anchorage, in the Third Judicial District, State of Alaska, JEFFERY L. TURNER drove or took the propelled vehicle of Sabrina and or Ricky Tocktoo.

All of which is a class C felony offense being contrary to and in violation of AS 11.46.484(a)(2) and against the peace and dignity of the State of Alaska.

## COUNT III

That on or about the 25th day of June, 1996, at or near Anchorage, in the Third Judicial District, State of Alaska, JEFFERY L. TURNER recklessly caused physical injury to Sabrina Tocktoo.

-2-

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

All of which is a class A misdemeanor offense being contrary to and in violation of AS 11.41.230(a)(1) and against the peace and dignity of the State of Alaska.

### COUNT IV

That on or about the 25th day of June, 1996, at or near Anchorage, in the Third Judicial District, State of Alaska, JEFFERY L. TURNER recklessly caused physical injury to Ricky Tocktoo.

All of which is a class A misdemeanor offense being contrary to and in violation of AS 11.41.230(a)(1) and against the peace and dignity of the State of Alaska.

I, Shannon D. Hanley, Assistant District Attorney, state on oath that this Information is based upon my review of partial police reports prepared under APD case number 96-116242 all of which disclose the following.

### FACTS OF THE CASE

On June 25, 1996, Sabrina Tocktoo, who is 8 months pregnant, and her husband were returning home from the store. As Ms. Tocktoo approached her home a man grabbed a bag of food and her wallet from her. He knocked her down causing her to scrape her knee. He ran away pursued by Ricky Tocktoo. Sabrina got into their vehicle and followed her husband and the defendant. The defendant eluded Sabrina's husband, ran to their motor vehicle, and opened the passenger door pushing Sabrina out of the car by force. The defendant then attempted to drive away. Ricky Tocktoo, Sabrina's husband, then tried to grab the wheel of the

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

-3-

vehicle and the defendant.  The defendant drove the vehicle for approximately 1/2 block, during that time biting Ricky Tocktoo's hand causing injury.  Failing to gain complete control of the motor vehicle as he had intended, the defendant jumped out of the driver's side of the vehicle and ran away.  The defendant was located by a canine officer and positively identified by witnesses as being the man who had robbed Sabrina Tocktoo.  During a pat-down search, officers were talking with one another about whether the defendant still had the wallet.  The defendant voluntarily indicated that he had discarded the wallet at the vicinity of the crime taking only the money.  Officers backtracked finding both the money and that the wallet had been recovered.

## BAIL INFORMATION

The defendant has the following criminal convictions in the State of Alaska:

| 1995 | Contempt of Court |
|------|-------------------|
| 1994 | Violate Terms of RO |
| 1994 | Assault |
| 1991 | Larceny |
| 1988 | Robbery (felony) |
| 1987 | DWOL |

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

-4-

DATED this 26th day of June, 1996, at Anchorage, Alaska.

BRUCE M. BOTELHO
ATTORNEY GENERAL

KENNETH J. GOLDMAN
DISTRICT ATTORNEY

By: _Shannon D Hanley_
Shannon D. Hanley
Assistant District Attorney

SUBSCRIBED AND SWORN to this 26th day of June, 1996, at Anchorage, Alaska.

Notary Public in and for Alaska
My commission expires: _2/26/98_

SDH:jd

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

-5-

...ereby certify that this is a true and correct
copy of the original on file in my office.
ATTEST:
Clerk of the Trial Courts
By _____ Deputy
Date: 11-8-05

NOVAK          HOWARD KB 11.18.96

Judge: CARD        DA: ~~RENSCHEN~~    Def. Atty: ~~WEBER~~ PO: BOUNDS

## IN THE SUPERIOR COURT OF THE STATE OF ALASKA
### THIRD JUDICIAL DISTRICT

### UPDATED PRESENTENCE REPORT

| | | |
|---|---|---|
| THE STATE OF ALASKA | ) | CR No. 3AN-S96-4756    Hrg. Date: 10-08-96 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TURNER, Jeffrey Lee | ) | |
| Defendant | ) | |

CONFIDENTIAL
Privileged Communication for Superior Court
No Distribution Without Prior Authorization
of Superior Court

LEGAL NAME: Jeffery Lee Turner

CHARGED WITH CRIME(S) OF: Theft in the 2nd Degree; Assault in the 4th Degree

CONVICTED OF CRIME(S) OF: Theft in the 2nd Degree, AS 11.46.130(a)(3);
Assault in the 4th Degree, AS 11.41.230(a)(1)

PRESUMPTIVE: Yes        TERM: 0    ~~(2)~~ 3  5 yrs.        KB 12-3-96

BY:  Guilty Plea:        DAYS IN JAIL THIS CASE: ~~155~~ 162 as of ~~10-08-96~~ 12-3-96

Nolo Plea:  XX

Court:                DATE OF ARREST: 6-25-96

Jury:                PLACE OF ARREST: Anchorage, AK

CODEFENDANT: NA

OTHER CHARGES/ACTIONS PENDING: NA

VICTIM TO BE NOTIFIED: Yes  Crime Against a Person (DNA) Yes  Date DNA Completed: Unk

Permanent Address/Contact: CIPT, Anchorage, AK
AKA: None
Age: 30      Date of Birth: 4-15-66        Place of Birth: Los Angeles, CA
Sex: M  Race: B  Height: 5'10"  Weight: 250    Eyes: Brn    Hair: Blk

Identifying Marks: None
Citizenship: USA        Alien Registration #: NA  Highest Grade Completed: GED
SSN: 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        OBSCIS No: 154101    FBI No: 50964JA3

Driver's License No: 6303553  Issuing State: AK  Expires: 4-15-2000

000068

PRESENTENCE REPORT
Re:   TURNER, Jeffery Lee
       3AN-S96-4756CR

SCOPE OF REPORT:

On December 9, 1988 in Case No. 3ANS88-1241 and following conviction for two counts of Robbery in the First Degree, the defendant was sentenced to five years with all suspended except for time already served; he was placed on probation for five years. Copies of the judgment, presentence report prepared by Probation/Parole Officer Jim Wood dated 6-03-88 and the updated presentence report prepared by Probation/Parole Officer Steve Widmer dated 11-07-91, are attached.

The instant report serves to update the Court regarding the defendant's status since the last reports were prepared.

PRESENT OFFENSE:

The following information was obtained from the District Attorney's files:

On June 25, 1996, S.T., who was eight months pregnant, and her husband were returning home from the store. As S.T. approached her home a man grabbed a bag of food and her wallet from her; he knocked her down causing her to scrape her knee. He ran away, pursued by her husband, R.T.

S.T. got into their vehicle and followed her husband and the defendant, who eluded the victim's husband, ran to their motor vehicle, opened the passenger door and pushed S.T. out of the car by force. The defendant then attempted to drive away. R.T., the victim's husband, then tried to grab the wheel of the vehicle and the defendant. The defendant drove the vehicle for approximately one-half block, during that time biting R.T.'s hand, causing injury.

Failing to gain complete control of the motor vehicle as he had intended, the defendant jumped out of it on the driver's side and ran away. He was located by a canine officer and was positively identified by witnesses as being the man who had robbed S.T. During a pat-down search, officers were talking with one another regarding whether the defendant still had the wallet. The defendant voluntarily indicated that he had discarded it at the vicinity of the crime, taking only the money. Officers backtracked, finding both the cash and the wallet.

000069

PRESENTENCE REPORT
Re:   TURNER, Jeffery Lee
        3AN-S96-4756CR


DEFENDANT'S STATEMENT:

A statement from the defendant is unavailable as when I attempted to conduct the presentence interview at Cook Inlet Pretrial Facility, the defendant declined to participate, indicating he had not spoken recently with his counsel.

VICTIM'S IMPACT STATEMENT:

The victims have been advised of their rights via certified mail and if any statements are received, they will be attached or forwarded.  Information regarding any restitution is unknown at this time.

CRIMINAL HISTORY SINCE LAST REPORT:

| Date | Location | Offense | Disposition |
|------|----------|---------|-------------|
| 4-07-94 | Anchorage, AK | Assault 94-591 | $2000 fine/$1500 susp, 360 days/345 susp, 3 yrs probation, domestic violence intervention program monitored by AASAP. |

The complaint indicated that on 1-24-94 the defendant assaulted the victim, M.T. by intentionally or recklessly using physical force against her.

| Date | Location | Offense | Disposition |
|------|----------|---------|-------------|
| 10-24-94 | Anchorage, AK | Violating Domestic Violence Writ 94-7846 | $1000 fine/$750 susp, 100 days/70 susp, 2 yrs probation. |

The complaint indicated that on 10-21-94 the defendant violated a Domestic Violence Restraining Order in that, according to the investigation, he was seen in the area and the victim, M.T., stated that the defendant gained entry to her residence by opening a bedroom window.

| Date | Location | Offense | Disposition |
|------|----------|---------|-------------|
| 1-12-95 | Anchorage, AK | Contempt of Court 95-278 | 150 days/149 susp, 32 hrs CWS. |

Traffic: (not included in previous reports)

| Date | Location | Offense | Disposition |
|------|----------|---------|-------------|
| 7-08-88 | Anchorage, AK | Equipment Violation; Relates to Reg/Title | $56 fine |
| 7-25-90 | Anchorage, AK | Speed, 14 mi over lim | $56 fine |

000070

PRESENCE REPORT
Re:   TURNER, Jeffery Lee
      3AN-S96-4756CR

| 8-23-91 | Anchorage, AK | Relates to Reg/Title | $75 fine |
| 1-24-94 | Anchorage, AK | Failure to Stop | $75 fine |
| 10-24-94 | Anchorage, AK | Speed, 17 mi over lim | $68 fine |

SUPERVISION ADJUSTMENT/PERSONAL UPDATE:

In Case No. 3ANS88-1241, the defendant was initially released from custody on 12-13-88 to the Akeela House Program. The attached updated presentence report dated 11-07-91 provides a detailed description of the defendant's adjustment under supervision in that case. Additionally, attached are copies of the Petitions to Revoke Probation dated 5-07-91 and 9-18-91, as well as the closing judgment for the disposition hearing of 11-07-91 and the Court's remarks. On 11-07-91, the defendant's probation was revoked and he was ordered to serve one year. His final release from custody in that case was on 6-12-92.

Current updated personal history for the defendant is unavailable as explained previously in this report.

OTHER PERTINENT INFORMATION:

No disciplinary reports were found in the defendant's institutional file.

EVALUATION:

The defendant, 30-year-old Jeffrey Lee Turner is before the Court for sentencing for his second felony conviction, Theft in the Second Degree and, Assault in the Fourth Degree, a misdemeanor.

According to information at hand, the defendant's criminal history began when he was a young teenager and has continued sporadically since then. His first felony offense was related to cocaine addiction and in all probability, the instant offense as well as intervening criminal history may be related to substance abuse. The defendant may have an anger management problem as well.

The prospects for the defendant's successful rehabilitation would appear to be poor. While the defendant's record indicates that he is more than capable of functioning as a law-abiding, productive citizen when he chooses to do so, he has permitted other issues to dictate his lifestyle,

000071

PRESENTENCE REPORT
Re:    TURNER, Jeffery Lee
        3AN-S96-4756CR

which has not previously been deterred by extensive treatment and supervision. The defendant is no longer youthful and has used cocaine, at least sporadically for the past approximate ten years; it is unknown whether or not the defendant is willing or able to make a genuine commitment to change at this point.  Until this happens, the defendant will probably continue to victimize citizens and appear before the Court.  There should be some consideration given at the sentencing to the defendant's isolation, his deterrence, the deterrence of others and community condemnation, as well as rehabilitation.

RECOMMENDATION:

It is respectfully recommended that the presumptive sentencing guidelines be followed in this case and upon the defendant's release to parole supervision, the following special conditions should be considered:

1.    Pay restitution in an amount to be determined by the Court, payable to the Clerk of Court on a monthly payment schedule to be determined by the Court.

2.    Not use or possess any controlled substance, to include marijuana, without a valid prescription; and submit to testing for the use of controlled substances when required by the Probation/Parole Officer.

3.    Not associate with known narcotic users, or be found in places where drug use and sales are known to occur.

4.    Successfully complete an educational/vocational training program at the discretion of the Probation/Parole Officer.

5.    Obtain and maintain verifiable full-time employment unless engaged full time in an educational or treatment program approved by the Probation/Parole Officer with proof of participation to be provided to the supervising Probation Officer.  Provide proof of income when requested by the Probation/Parole Officer.

6.    Undergo a substance abuse evaluation by an appropriate treatment agency and follow through with any recommendations, to include inpatient or outpatient treatment, with aftercare.

PRESENTENCE REPORT
Re:   TURNER, Jeffery Lee
      3AN-S96-4756CR


7.    Submit, at any reasonable time, to search of his person, personal property, residence,
      vehicle, or any vehicle under which he has control, for the presence of narcotic,
      hallucinogenic, stimulant, depressant, amphetamine, barbiturate, or other drugs or drug
      paraphernalia.

8.    Submit, at any reasonable time, to search of his person, personal property, residence,
      vehicle, or any vehicle under which he has control, for the presence of
      alcohol/weapons/stolen property.

                                    Respectfully submitted,


                                    Kay Bounds
                                    Kay Bounds
                                    Probation Officer II


BRUCE KELLY
PROBATION OFFICER III

BK:KB:som
Attachments
10-01-96


6

000073

TAPE NO. 44-158

LOG NOS. 321-1009

**3ANS-96-4756 CR STATE OF ALASKA vs. JEFFERY TURNER**

DECEMBER 3, 1996

Present:  Audrey Renschen, Assistant District Attorney
Craig Howard, Assistant Public Defender
Kay Bounds, Department of Corrections

### TRANSCRIPT OF JUDGE'S REMARKS AT SENTENCING

#### The Honorable Larry D. Card

**THE COURT:**  Before the Court for sentencing is 30 year old Jeffery Turner. I read very carefully the original and the updated Presentence Report, and looked back over the records, and now having actually met and talked to--listen to Mr. Turner I am to impressed with his ability to articulate his thoughts. I recognize that Mr. Turner as many young men, particularly black men growing up in the Watts area have seen a lot of violence in his life. But I also recognize that Mr. Turner, in the quest for that substance cocaine in this case, has resorted to the same violence which he probably grew to abhor himself. And that's the nature of that substance is that it will make one forget from where one came and what's important, even for those seconds where it, things happen which probably wouldn't do otherwise, it makes under the, in grasp of the substance very dangerous at times, and it makes them victims at times, it makes them perpetrators at times. Mr. Turner, as he appears before the court, doesn't seem to be a person who could be frightening to anyone, but Mr. Turner in the quest for that substance whether it's a purse snatching incident like here or the

incident before, or this incident that brings him before the court could probably be very frightening, more likely be very frightening to the persons involved. Now Mr. Turner, I can only tell you that tragic incidents happen in many peoples lives, and at some point, sounds like to me you do recognize that we have to take control of our own lives, and make choices. And you have to be that kind of parent that you never had for your own children, and that kind of spouse you never had in your own family, and you can't do that if you let cocaine control your life. So, you know that you can't sample it, you can't use it, you can't handle it, you can't be around people that do it, you can't just taste it, you can't just smell it, you can't be around it at all. You have to make an effort to stay away from people that use it, and you know who uses it, you know where people hang out that use it, you know where the party houses are. It doesn't take long to go into a town to know what's going on in the town, especially a small town like Anchorage, it is a small town. I'm impressed with the fact that you impressed Judge Carlson enough, where Judge Carlson gave you such a--what I consider a probationary type sentence, where restitution was the most important thing in his mind. And you were a little younger then, but I'm still impressed, because Judge Carlson in my own experience, having practiced before him a number of years, was very tough on people, and nobody could snow Judge Carlson, and so, I'm sure you were articulate then as a young man as you are now. It is really a shame that you are in a position now where you have to be facing the presumptive sentence. There

2

000051

are no mitigators that can be utilized to reduce your case, to send it to a three Judge Panel. The agreement with the State, is that you will receive the presumptive term. I have already gone over with you the fact that it's not two years presumptive, it's got to be at least three years presumptive. So Mr. Turner, all I can tell you is that your days of grief have to stop. Whether you do it through counseling, or self introspection, or what ever you got to do without resorting to violence to get your drug, and without resorting to the drugs. You can't come back to this court, or any court in this state or any other state because as Mr. Howard was arguing, and stating, not much arguing, but it's true, many states will throw the key away, and all that talent that you have, all that ability to express yourself, won't necessarily be wasted, but if  it's used, it's going to be used in an institution of some kind, and to remain in an institution for ones regular life until your in the 50's or 60's, or whatever age, seem like it doesn't benefit you, but people do make choices, there are people that choose to be criminals their whole life. And I know people like that, I represented some when I was a practioner and, I probably put a few away when I was a prosecutor, and I see them now as a Judge. Nothing really changes. There's some people that just don't mind having people tell them when to get up and go to got to bed, tell them when to eat, when to sleep, and they just don't mind the isolation, because that becomes their world. As they said, in the Federal pens, there are pitchers and catchers, you know, and that's the way it was, that was their world, that was their

3

society. So you have to make a choice, it you want to be into that
type of lifestyle, and it doesn't sound like you want to do that.
But, the court's can only give one so many chances, and every day
we get older. You get older, I get older, and we can't going back
and doing the same old things, playing the same old music over and
over again. I'm required to consider the <u>Chaney</u> factors. First,
let me go back to the aggravators. There was a non-opposition to
aggravators, C1 and C10 originally, as part of the plea agreement,
and those will be accepted as proved by clear and convincing
evidence, and Mr. Howard, your present counsel, even though, Mr.
Weber your formal counsel had indicated he was going to dispute the
factor...

    **Mr. Howard:**  Previous assaultive behavior.

    **The Court:**  ...previous assaultive behavior, thank you. In
any case, under subparagraph, bear with me a moment please, C7, the
prior felony considered for purposes for invoking the presumptive
term, was more serious, that's a matter of fact, and as a matter
of law that's proved, and there is no opposition. And, under
subparagraph eight, that your prior criminal history includes
conduct involving aggravated or repeated incidences of assaultive
behavior, but I have also determined that that, even thought
proved, will be considered. That these bear very little
relationship to the total sentence, because we have on C felony and
if you were the worst "C" felon to ever have appeared before me or
court's comparable. As I look through the reports, and I find that
you're not then I would of coarse be obliged to give you five

4

000053

years. But fore this agreement of coarse. But I do find that the aggravators do constitute a factor which I shall consider in your sentence. And I think the purpose in aggravating is to reflect, a couple things. One of the things, that you said is that you would be, something that you could consider having somebody kind of keep an eye on you, those are my words not yours. And that's the rehabilitation factor. I don't think you're hopeless as a rehabilitation factor. I think you have some rehabilitation potential. Your not as young as you were eight years ago when the first sentence came down. Your not twenty two anymore, but you're thirty, and you're not that old. You've been through a lot, but you're not that old. I do though, by the sentence I'm going to impose emphasize first of all, the community condemnation and the reaffirmation of societal norms. We can't have people, whether it's you or me or anybody out taking care of their personal needs at somebody else's expense. So the sentence that I'm going to impose will primarily express community condemnation and reaffirmation of societal norms. My second goal will be your rehabilitation. I'm going to give you a sentence which will have some time suspended so that you will have an opportunity to be on probation. I don't believe that you're hopeless, and I don't think a flat sentence is going to do it, and I think that this court should be able to extend it's arms to guide you over the next several years. So that you can stay straight, and so that you will motivated to stay straight, if that's what you want to do. If you don't want to do, I will be there anyway, that doesn't make any

5

difference whether you're probation or parole.  But if you're
probation, at least this court has some control over what happens
next.  I think the sentence I'm going to impose also will deter you
and others similarly situated, and the period of isolation which
presumptive time represents, I fell will satisfy the court's
interest.  This was not in terms of assault, a major assault, but
it does, I think the sentence I impose does need to express the
societal--community condemnation of that assault which occurred
along with the theft.  Therefore, my sentence will be as follows:
On Count 1, Theft in the second degree, it's a C felony, your
sentence, as aggravated by the four proved aggravators will be,
Four years with one year suspended.  On Count two, the sentence for
the assault which as I read is not a major assault, it's a
misdemeanor class A assault, your sentence will be, Ninety days
consecutive to count one.  The time that you have suspended, which
is one year, you will be under the general rules of probation and
the following special conditions of probation.  Madame prosecutor,
I didn't receive any notice of any restitution, was there a
request?

    **Ms. Renschen:**  Not that I'm aware of your honor.

    **The Court:**  All right.  Mr. Howard, were you made aware of any
request?

    **Mr. Howard:**  No, no I was not.

    **The Court:**  All right.  First of all, you shall not use or
possess any controlled  substance, to include marijuana with out
a valid prescription, and submit to testing for the use of any

00005r

controlled substances when required by the probation or parole
officer. 2) You should not associate with known narcotics users,
or to be found in places where drug use and sales is known to
occur. This is where I was talking about the party houses and
that, and you and I both know what I'm talking about. Both know
the people that run the street, that use the stuff, and people that
use tend to know each other. 3) You shall successfully complete
an educational or vocational training program at the discretion of
the probation or parole officer. I am also concerned about your
ability to earn in the future, but I'm convinced that a person as
bright as you are and able to express himself as well as you do,
if you do nothing more than what many of us have done in the past,
and I did on the way of getting an education, is set up a
janitorial on my own, with a mop and a bucket, and a vacuum cleaner
or a broom, and get out and clean people's houses or apartments I'm
satisfied that if you get that, do that or other things that they
can get by training, your bright enough to learn whatever you need
to learn, I'm satisfied that you will make a living without the
frustrations of getting out there and not having an ability to earn
a living for yourself and your family. I think also, that 4) you
shall obtain and maintain verifiable full time employment unless
engaged fulltime in an educational or treatment program approved
by your probation or parole officer with proof of participation be
provided to the supervising probation officer. You also provide
proof of the income when requested by your probation of parole
officer. Finally, you shall undergo substance abuse evaluation by

7

000056

an appropriate treatment agency and follow through with any recommendations to include treatment, inpatient or out patient treatment with after care, and I'm going to add with up to 180 days of inpatient if indicated. Next you shall submit at any reasonable time to search of your person, personal property, residence, vehicle or any vehicle under which you have control for the presence of narcotics, hallucinogenics, stimulant, depressant, amphetamines, barbiturates, or other drug or drug paraphernalia. Finally, you shall submit at any reasonable time to search of your person, personal property, residence, vehicle or any vehicle under which you have control for the presence of alcohol, weapons or stolen property.  So all these things that I've put on here, I believe will assist you in maintaining your sobriety, and will assist you in seeking out other ways of dealing with the normal frustrations which come in life, the stresses, when you have an argument with the wife, which you will.  Everybody in love has argument, they have problems over money, that's just a normal life. The kids are going to do things you don't want them to do, you're going to be frustrated, I don't want you to resort back to your favorite substance, and all the problems that brings with you and your family.  So, I hope you think about it, and I do wish you all the luck.  Is there anything else the state requests?

     **Mr. Howard:**  What is the period of probation Judge?

     **The Court:**  Oh, thank you.  The period of probation will be five years Mr. Turner.  I don't think your case warrants a ten year, and I think if you're going to turn around, you're going to

8

turn around in the next five years, after that, you're going to be subject to some serious time if you get caught again, so.  Thank you.  Fingerprints will be taken.  I'm going to advice you of your right to appeal while that's going on, so please listen to me while you're doing the fingerprinting.  You have received a sentence in excess of two years, but unfortunately you have not received a sentence in excess of that agreed to with the state, so you have not--you don't have a right tot appeal your sentence, you understand that?  All right.  If you did have a right to appeal your sentence and you could not afford an attorney, one would be appointed to assist you.  In this case, you have a net of three years to serve, which is your agreement with the state.  It's presumptive.  Are there any questions from the state?  All right.  Any bail will be exonerated madame clerk.  Thank you, ma'am.

   **JSO:**  Your Honor, the defendant's been fingerprinted.

   **The Court:**  All right, thank you.  Good luck Mr. Turner.  We'll be in recess.

   **The Clerk:**  Please rise, Courts in recess.

   This is to certify that on this ___ day of January, 1997, copies of the foregoing were caused to be mailed or delivered to the following:  District Attorney, Public Defender, Department of Corrections, and the Parole Board.

                                    Nancy M. McKewin, Deputy Clerk

000058

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

FILED in the Trial Courts
State of Alaska, Third District

APR 1 1 2000

Clerk of the Trial Courts

By_____Deputy

STATE OF ALASKA, )
)
              Plaintiff, )
)
vs. )
)
JEFFREY LEE TURNER, )      3AN-S96-4756 CR
)
              Defendant. )
_____)

### DISPOSITION ORDER

This matter came before the Court this date upon the filing of a Petition to Revoke Probation on November 17, 1999. Plaintiff was present through Bob Linton, Assistant District Attorney. Defendant was present and represented by Julia Moudy, Esq. The Court having accepted the defendant's admission and having found defendant in violation of certain terms and conditions of probation

**IT IS HEREBY ORDERED** that the terms and conditions of probation set forth in the Judgment and Order of Commitment/Probation dated December 3, 1996, are hereby **REVOKED**. The defendant shall serve the balance of unserved time.

Any appearance bond previously posted in the above captioned case is hereby exonerated.

**DATED** this 11th day of April, 2000, at Anchorage, Alaska.

Larry D. Card
Superior Court Judge

I certify that on _4-14-00_
a copy of the above was mailed/delivered
to each of the following at their addresses
of record:

_V. Ulman_
Secretary/Deputy Clerk

B. Linton, Esq.
J. Moudy, Esq.
D.O.C.